BANKS, Justice,
dissenting.
I think we set an unworkable precedent here, responding to the operation of an imperfect statute effecting an apparent injustice in the instant case. “I know no method to secure the repeal of bad or obnoxious laws so effective as their stringent execution.” Ulysses S. Grant, Inaugural Address, March 4, 1869. I, therefore, dissent.
The simple fact is that there is no manifest intent exception to the statute here in question and, even if there was none of the actions of Lawrence Dillon subsequent to his marriage to Marva Dillon can truly be said to manifest such an intent to designate someone other than her as his beneficiary, which she was by operation of statute. Miss.Code Ann. 25 — 11—103(f). The majority points to what the trial court characterized as a “codicil” to his will and to the property settlement agreement as evidence of intent.
The problem is that neither of these documents came close to mentioning Dillon’s retirement. While it is true that the will specifically left the retirement funds to the children as did the designation of beneficiary, this document, as well as the designation, was executed prior to the marriage to Marva. The “codicil” which is no more than a handwritten set of instructions to Myrtle also fails to mention the will. Thus no document signed by Dillon after his marriage to Marva mentions, directly or indirectly, the retirement benefits. There was no other evidence of that intent.
For the foregoing reasons, I dissent.
McRAE and JAMES L. ROBERTS, Jr., JJ., join this dissent.